# Bratton *against* Seymour.

If a justice of the peace mistake the name of a firm in the style of a suit, the court of common pleas upon an appeal may amend it.

An initial letter interposed betwixt the Christian and surname is no part of either.

ERROR to the common pleas of *Alleghany* county.

Appeal from a justice. This suit was originated by the justice in the name of J. & T. J. Seymour against James Bratton, and when the same came into the common pleas, on motion of the plaintiffs it was amended so as to be S. & T. J. Seymour. To which the defendant objected, and took an exception.

*Burke*, for plaintiff in error, cited, Lyon *v.* Chalker, 2 *Watts* 14; Wilson *v.* Wallace, 8 *Serg. & Rawle* 53; Stehley *v.* Harp, 5 *Serg. & Rawle* 544; Christmas *v.* Thompson, 3 *Serg. & Rawle* 134; Newlin *v.* Palmer, 11 *Serg. & Rawle* 98.

*Watson*, contra, cited, Fitzsimons *v.* Salomon, 2 *Binn.* 439; Caldwell *v.* Thompson, 1 *Rawle* 370; Graham *v.* Vandalore, 2 *Watts* 131.

[Bratton v. Seymour.]

PER CURIAM.—An initial letter interposed betwixt the Christian and surname is no part of either. Franklin *v.* Talmadge, 5 *Johns.* 84. It is evidently no part of the surname, for it is supposed to be the exponent of an appellative received in baptism; and it is no part of the Christian name, for no person can have more than one Christian name. Rex *v.* Newman, 1 *Lord Raym.* 562. Two or more Christian names may undoubtedly be compounded so as to form, in contemplation of law, but one; and then a transposition of the parts, or, for the same reason it would seem, a change or an omission of a part, is a change of the whole. Jones *v.* M'Quillin, 5 *Term Rep.* 195. But an initial letter cannot thus be used in composition; because it separately expresses no word, and consequently nothing that can pass for a name or a part of a name. The variance, then, was immaterial; and the amendment of it, having produced no change of parties even in point of form, cannot be assigned for error. But it would, in any event, be sustainable on the authority of Graham *v.* Vandalore, 2 *Watts* 131, where an entire change of the legal party was held well, because the party beneficially interested, having capacity to sue in his own name, was substituted for his attorney whose name had been put upon the record by mistake of the justice. In appeals from justices of the peace, it seems to be sufficient that the parties and cause of action are substantially the same. Here, even conceding the amendment to be material, we are called upon to go no further; but as it is, we may either sustain it or disregard it.

Judgment affirmed.