Lipscomb, J.
A writ of error was sued out by the plaintiffs in error, bnt they failed to file the record. It was filed by the defendants in error, and submitted with a suggestion of delay.
On looking into the errors assigned there is one assignment as follows :
“That the note sued on was executed and signed by D. S. McKay and *189 J. Johnson, and the judgment was entered against D. L. McKay and N. J. Johnson.”
Note 70. — Cummings v. Rice & Nichols, 9 T., .127; Tho State v. Manning, 14 T., 402; Stockton " 'The State, 27 'f., 80; Steen u. Tho State, 27 T., SO; Page v. Artiim, 2!) T , 63.
On an inspection of the record the judgment does seem to give the letter I, as the middle initial of McKay’s name, it is however everywhere else in the record given as an S ; and if that be lite true letter it could be amended by reference to (he previous part of the record, if at all material, because it is obvious that the judgment was designed to follow the record. The. defend.mis made no defense in the court below, and have not followed their writ of error into (his court. Under such circumstances I have, no doubt that the jn l.vm ml ought to he affirmed with damages. What was so obviously a mistake of the clerk and could be amended by'tho record will be considered as amended. A middle, name or initial is not known in law, and will not he noticed unless it should be made to appear that it lias been the occasion of a different person than the one designed being injured thereby.
The judgment is affirmed', with ten per cent, damages for delay.
Affirmed with damages.