THE STATE v. JAMES E. H. L. MANNING.

Where the Statute gave the State an appeal "when a judgment shall be given for the defendant, on a motion to quash an indictment," it was held that the Statute included the right to appeal where the indictment was abated by plea,—the legal effect of the judgment being the same in both cases.

It seems well settled, that an initial letter, interposed between the christian and surname, is no part of either. (Bratton v. Seymour, 4 Watts, 329.) And it would seem to follow, that it is immaterial, whether one be introduced, which the party is not accustomed to use, or one be omitted, which he is accustomed to use, or whether those (middle initial letters) used by him in writing his name, be transposed. In neither case would it amount to a misnomer, (in Criminal Pleading.) But if the misnomer was well pleaded, &c.

A Statute which authorized an amendment of the name of the defendant, in cases of misnomer in an indictment, was held to apply to indictments then pending, and not to be an ex post facto law, in such application.

Appeal from Rusk. The appellee was indicted, at the Fall

Term, 1853, for a misdemeanor, by the name of James E. L. H. Manning. At the Fall Term, 1854, he pleaded in abatement, that his name was not James E. L. H. Manning, but James E. H. L. Manning. The District Attorney asked leave to amend, by correcting the misnomer, which was refused. He then demurred to the plea in abatement; the demurrer was overruled, "and the District Attorney refusing to plead over "or reply to defendant's plea in abatement, the defendant, by "his counsel, offered to submit the truth of his plea herein, to "the jury, which the Court refuses to allow him to do, and "gives judgment for the defendant, upon the demurrer to de-"fendant's plea in abatement. It is therefore considered by "the Court, that the indictment be quashed," &c.

*Attorney General*, for appellant. I. The refusal of leave to amend. The 67th Section, 49th Cap. of Acts of 1854, page 69, declares that "No indictment or other accusation shall be "abated, for any misnomer of the accused, but the Court may, "in case of misnomer, appearing before or in the course of a "trial, forthwith cause the indictment or accusation to be "amended according to the fact." Approved February 9th, 1854; to take effect 1st May, 1854. Now this leave was asked on the 28th November, 1854, and refused, it is said, because the law authorizing such amendments would be *ex post facto* if applied to this indictment, which was found, and of course, for an offence committed, before its passage. This is certainly a novel application of the doctrine here invoked. It has been heretofore universally held, that this restriction upon legislative power is applicable only to the body of the offence, the evidence to establish it, and its punishment, and does not concern itself with the details of the remedy. I presume this Court will be content with established principle, and the unbroken current of authority on this subject. (2 Story, Com. on Const. Sec. 1345, p. 195, and the authorities there referred to.)

II. The Court erred in overruling the demurrer to the plea in abatement, and in quashing the indictment by force of this

plea; at least, the Supreme Court of the United States would probably so conclude. In Keene v. Meade, where the variance was between Richard M. and Richard W. Meade, it is said, "the law knows of only one Christian name. And there are "adjudged cases strongly countenancing, if not fully establish-"ing, that the entire omission of a middle letter is not a mis-"nomer or variance, and if so, the middle letter is immaterial, "and may be disregarded ;" and this is the prevailing opinion of the profession. (3 Pet. R. 7.)

*Bowden & Chilton,* for appellee. I. An appeal does not lie in this case, and it should be dismissed. The indictment was not quashed on motion, but abated by plea. (Hart. Dig. Art. 571.)

II. A middle name may be omitted, but the insertion of a wrong name, or the transposition of names, is not allowable, and may be taken advantage of. (Commonwealth v. Perkins, 1 Pick, 388 ; Commonwealth v. Hall, 3 Id. 262 ; Regina v. Gooding, 1 Carr & Marsham, 397 ; Jones v. McQuillin, 5 Durnf. & East, 195.)

The authorities cited by the Attorney General are wholly inapplicable to this case, and stand opposed to much and high authority, even in cases where they would be relevant.

III. The motion to amend was properly overruled, as the offence charged in the indictment was committed, if at all, before the Statute allowing amendments, and the indictment was then pending. The Act in question is not retroactive, and, if it were, would be clearly unconstitutional. An *ex post facto* law has no validity. No change can be made as to the rules of evidence, after an offence is committed, so far as that offence is concerned.

The sophistry which can distinguish between a law changing the amount or quality of evidence necessary, by the existing laws, to convict, and one authorizing the amendment of a pending indictment, so as to conform it to the evidence, (thus rendering available to the State proof which before was unavailable,) is too transparent to mislead any one familiar with the

circumstances which induced the framers of the Constitution to put in that instrument the prohibition to the passage of an *ex post facto* law. On this point reference is made to 1 Kent's Com. 450; 3 Dal. 386; Serg. Const. Law, 356; 2 Story's Com. Const. p. 530.

*Henderson & Jones,* also, for appellee.

WHEELER, J. It is objected that an appeal does not lie on behalf of the State in this case, because, it is said, the indictment was not quashed on motion, but abated by plea. The plea prays that the indictment be quashed, and such is the judgment of the Court. But whether quashed on motion, or abated by plea, the legal effect of the judgment is the same; and it can make no difference what form it assumes, or in what terms it is expressed, upon the record. It is equally within the intention and provision of the law. The jurisdiction of the Court to entertain the appeal, does not depend upon the manner in which the judgment of the Court is obtained, or the form in which it is expressed; but upon its substance and legal effect. And there can be no question, that the legal effect is the same, whether the judgment be more properly designated a judgment quashing the indictment or abating it. There is therefore nothing in the objection.

It seems well settled that an initial letter, interposed between the christian and surname, is no part of either. (Bratton v. Seymour, 4 Watts, 329.) And it would seem to follow, that it is immaterial, whether one be introduced, which the party is not accustomed to use, or one be omitted which he is accustomed to use, or whether those used by him in writing his name be transposed. In neither case would it amount to a misnomer; and, consequently, the plea was insufficient, and should have been so adjudged by the Court.

But if the misnomer was well pleaded, it is very clear that the Court should have permitted the proper amendment. (Act of the 9th February, 1854.) The Statute, in its application to

this case, clearly was not to be deemed within the constitutional inhibition as to *ex post facto* laws. It is quite too plain to admit of question, that the name by which the party was indicted, could have nothing to do with the question of his guilt; the character of the offence; the measure or degree of criminality or punishment attached to it; or with the evidence which should be sufficient to warrant a conviction. (Dawson v. The State, 6 Tex. R. 347.) The Act, therefore, in its application to this case, is not obnoxious to the constitutional inhibition. It merely had reference to the mode of conducting the proceedings upon the prosecution; which it was perfectly competent for the Legislature to regulate, as well in reference to past as future offences. The judgment is reversed and the case remanded.

Reversed and remanded.