JAMES T. STEEN AND OTHERS V. THE STATE.

Judgment *nisi* was rendered against the principal and all the sureties except one, on a forfeited bond for the appearance of the principal, indicted for assault with intent to kill and murder ; *scire facias* issued against all the parties except one of the sureties; served on principal and part of the sureties. An answer was filed beginning as follows, to-wit : "And now come the defendants in the above entitled cause, against whom a judgment *nisi* was taken at the last term of this court," &c. *Held*, to be an answer for all those against whom judgment *nisi* was rendered, and that the answer cured the want of service.

In the above stated case, the defendants assigned as error that a judgment final was rendered against one of the sureties, whose name did not appear on the bond, when in fact it did appear on the bond, but not in the judgment *nisi* : *He'd*, that the assignment was not well taken, and that, if they had assigned as error that judgment final was rendered against one of the sureties against whom no judgment *nisi* was taken, then this objection would have been tenable.

## Steen v. The State.

Where errors are assigned, the party is concluded by his own assignment, and the court will not reverse for errors that are not assigned, unless they are such as go to the foundation of the action.

A mistake in the middle name of a party indicted, the principal in a bond, is not a material matter, no injury being shown to have resulted from the mistake.

APPEAL from Smith.    Tried below in the District Court of Smith county.

At the June Term, 1857, an indictment was returned against James Steen, for assault with intent to kill.    On service of capias, he, as principal, and fourteen sureties, executed a bond in the usual form for his appearance at the next term of the court.    At that term judgment *nisi* was rendered against James T. Steen, and all the sureties except H. Chambers.    *Scire facias* was issued against all the parties except H. Chambers, and served on eight of the sureties, including H. Chambers.    At the return term, the defendants, by counsel, filed an answer, beginning as follows, to-wit:

"And now come the defendants in the above entitled cause, against whom a judgment *nisi* was taken at the last term of this court, and bond forfeited," &c., and moved the court to quash the bond, for causes assigned, and the judgment *nisi* be set aside.

The motion was overruled, and judgment final rendered against James T. Steen and all the sureties, including H. Chambers, against whom no judgment *nisi* had been taken.

Among the errors assigned was the following:    The court erred in rendering judgment against one H. Chambers, when there was no such name on the bond filed in said cause in the court below.

*R. H. Hubbard,* for appellants.

*Attorney-General,* for appellee.

BELL, J.—We are of opinion that there is no error in the judgment of the court below.    It appears that the writ of *scire facias* was not served on several of the parties against whom the final judgment was rendered; but the record contains an answer

for the defendants beginning as follows: "And now come the defendants in the above entitled cause, against whom a judgment *nisi* was taken at the last term of this court," &c. This must be held to be an answer for all those against whom the judgment *nisi* was rendered; and when we look back to that judgment, we find that it was rendered against all the parties to the bond, except H. Chambers. The answer cured the want of service.

It is assigned for error that the judgment was rendered against one *H. Chambliss*, when there was no such name on the bond filed in the cause in the court below. This assignment does not appear to be well founded. The name of H. Chambers is found in the final judgment, and the same name appears to the bond. If it had been objected that the judgment final was erroneous against H. Chambers, because no judgment *nisi* had been rendered against him, the objection would have been tenable, and must have led to the reversal of the judgment.

But where errors are assigned, the party is concluded by his own assignment, and the court will not reverse for errors that are not assigned, unless they are such as go to the foundation of the action.

In this case the *scire facias* is treated as setting forth the cause of action, and the *scire facias* alleges that judgment *nisi* was rendered against H. Chambers and all the other parties to the bond.

The mistake as to the middle name of the party indicted, the principal in the bond, is not a material matter. No injury is shown to have resulted from the mistake. (See the cases of McKay v. Speak, 8 Tex., 376; The State v. Manning, 14 Tex., 405; Cummings v. Rice et als., 9 Tex., 527.)

The judgment of the court below is affirmed.

Judgment affirmed.