S. D. Dodd *v.* The State.

1. MISNOMER IN LEGAL PROCEEDINGS.—A middle name or initial is not recognized by the law unless its insertion or omission has been the occasion of injury to another person than the one intended.

2. SAME.—A penal bond recited the surety's name as Sherman Dodd, but his signature thereto was S. D. Dodd. The judgment *nisi* was entered against. Sherman Dodd; the *scire facias* was issued for, and returned as served upon, Sherman D. Dodd; and the judgment final was entered against Sherman Dodd. *Held*, that these discrepancies in the appellation of the surety do not affect the validity of the final judgment against him.

ERROR from the District Court of Lee. Tried below before the Hon. I. B. McFARLAND.

The judgment final was rendered at the July term, 1875, of the court below. The case was brought up by writ of error.

*C. O. Sorelle*, for the plaintiff in error, cited : *Lewis* v. *The State*, 15 Texas, 142 ; *Underhill* v. *Lockett*, 20 Texas, 130 ; *Davidson* v. *The State*, 20 Texas, 649 ; *Graves* v. *Robertson*, 22 Texas, 130 ; and *Winans* v. *The State*, 25 Texas (Supp.), 175.

*W. B. Dunham*, of counsel for the State.

ECTOR, P. J. The defendant in error recovered a judgment final in the district court of Lee county, against Reddick Fisher and Sherman D. Dodd, on a forfeited penal bond given in a certain suit, wherein the state of Texas was plaintiff and Reddick Fisher was defendant. Sherman D.

Dodd, the surety on the bond, sued out a writ of error. The point on which he relies for a reversal of the judgment is that the plaintiff in error is named in the body of the bond as Sherman Dodd, and his signature to the bond is S. D. Dodd. The judgment *nisi* is against Sherman Dodd; *scire facias* issued to serve Sherman D. Dodd; the service was upon Sherman D. Dodd; and the judgment final is against Sherman Dodd.

There is no such variance as will avoid the judgment, the point being made for the first time in this court. A middle name or initial is not known in law, and will not be noticed unless it should be made to appear that it has been the occasion of a different person from the one designed being injured thereby. *McKay* v. *Speak*, 8 Texas, 376; *Cummings* v. *Rice*, 9 Texas, 527; *The State* v. *Manning*, 14 Texas, 402; *Steen* v. *The State*, 27 Texas, 87.

We find nothing in the record that would warrant a reversal of the judgment of the district court, and the same is affirmed.

*Affirmed.*