## James Dixon v. The State.

1. Organization of Petit Jury.—No prejudice to the appellant appearing to have resulted from the rulings of the court below in organizing the petit jury, and no infringement of the jury law in force when the trial was had being apparent, such rulings present no questions necessary for revision.

2. Continuance—Counter-affidavits.—When a defendant applies for a continuance on account of an absent witness, the state is not entitled to traverse, or to attempt by counter-affidavits to disprove the testimony alleged by the application to be expected from the absent witness.

3. SAME.—Counter-affidavits, in opposition to such an application, are only allowable to show want of due diligence to procure the testimony, or to show the death of the absent witness or his removal beyond reach of process, and the consequent impracticability of securing his attendance at the next term.

4. THEFT—EVIDENCE.—Any fact tending to show that stolen property came honestly into the defendant's possession is competent evidence for him; but he cannot be allowed to manufacture evidence of that kind by proving that, several days after the theft, he told persons who proposed to buy the property that he would not sell it because it was not his, and that he intended to give it to the owner, when called for.

5. CHANGE OF VENUE.—When the defendant applies for a change of venue on account of prejudice or combination against him, the state is entitled to disprove the alleged prejudice or combination, or to show that the defendant's supporting affiants are not "credible persons," such as required in support of the application.

6. THEFT—OWNERSHIP.—Indictment alleged the ownership to be in J. H. Watts, while the proof showed the owner's name to be J. W. Watts. This court inclines to the opinion that, as middle names are ignored by the law, the variance is immaterial; but, the case being remanded on another ground, a new indictment is suggested.

APPEAL from the District Court of Robertson. Tried below before the Hon. S. FORD.

The case is disclosed in the opinion. The testimony expected from the absent witness, Smith, is embodied in the fourth head-note.

*W. H. Hamman*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.  Dixon, the defendant, was indicted, tried, and convicted in the district court of Robertson county for the theft of a gold breast-pin, set with a diamond, of the value of $80, and his punishment assessed at three years' confinement in the penitentiary

He assigns the following errors committed by the lower court on his trial, viz. :

"1st. The court erred in overruling defendant's objections to the manner of organizing the jury, as will fully appear by reference to bill of exceptions.

"2d. The court erred in overruling defendant's objections to the evidence introduced by the state, as will appear by reference to bill of exceptions.

"3d. The court erred in overruling defendant's application for a continuance.

"4th. The court erred in overruling defendant's application for a change of venue.

"5th. The court erred in his charge to the jury that, 'if you believe the defendant is guilty as charged of the theft of the pin, it is sufficient to prove the ownership in J. W. Watts, if it be not shown that there is any such person as J. H. Watts.

"6th. The court erred in overruling defendant's motion for a new trial."

We will take up the assignments of error in the order in which they are made. Upon the trial of this cause, a jury of twelve men being in the jury-box, the state peremptorily challenged four of said jurors. The court ordered the sheriff to complete the panel, whereupon four talesmen were summoned, and, after being examined by the court, were passed upon by the state and accepted. The court then called upon the defendant to pass upon the jury, to which the defendant objected, on the ground that, twelve jurors being in the box and duly qualified, the defendant had the right to have each juror first passed upon by the state, and, if rejected by the state, to have the place of said juror supplied before the next juror could be passed upon and accepted or rejected by the state, or the defendant be called upon to pass upon the said juror. The court overruled the objection. The defendant then peremptorily challenged six of said jurors. The sheriff was then directed by the court to fill up the panel, whereupon six talesmen

were summoned by the sheriff; said six talesmen were then examined by the court touching their qualifications as jurors, and, having qualified, the court called upon the defendant to pass upon the six talesmen. To this order of the court defendant objected, on the ground that the state had not first passed upon said talesmen, which objection was overruled by the court, and the defendant excepted.

The present jury law was not in force at the time this case was tried. The course adopted by the judge on the trial below is believed by us to have been in accordance with the law in force at the time, and the mode which prevailed in many of the districts in the state.

Article 3028 of the Code of Criminal Procedure provides that "the regular jury for the term shall try all offenses not capital, unless challenged for cause; in which event the panel shall be filled up by summoning talesmen; and if more jurors are required to enable the court to proceed with the business of the term, the sheriff shall supply them from the by-standers."

"Art. 3030. When the list of persons summoned for the trial of a crimimal cause is exhausted by challenge or otherwise, or where the persons summoned do not attend, talesmen shall be summoned by the sheriff, upon the verbal order of the court, until the jury is completed."

The number of challenges given to the defendant, peremptorily or for cause, gives to the accused a full share in forming the jury, and, as we believe, ample protection from the wrongs complained of.

Our supreme court had occasion to pass upon the same question, and the able jurist, Judge Reeves, in delivering the opinion of the court, says: "The ruling of the court does not violate the provisions of the Code, and, it not appearing that the defendants were prejudiced thereby, or that the discretion of the court was in anywise abused, to

the injury of the defendants, the action of the court will not be revised." *The State* v. *Ivey*, 41 Texas, 38.

The 2d assignment of errors will be disposed of by the court in discussing the 5th error assigned.

The question is presented on exceptions that the court erred in overruling defendant's motion for a continuance. The defendant moved the court to grant him a continuance, and says "he cannot safely go to trial for the want of the testimony of Lucinda Butler and Ira Smith, who reside in Robertson county, Texas, and who are material witnesses for his defense; that he has used due diligence to procure the testimony of said witnesses, by causing a subpœna to be issued for them by the clerk of the district court of Robertson county, Texas, on the 8th day of February, 1876, and by placing the same in the hands of the sheriff of said Robertson county, Texas, on said 8th day of February, 1876, and said sheriff served said witnesses on the 9th day of February, 1876, and returned said subpœna, served, on the 9th day of February, 1876; that he expects to prove by the said witness, Lucinda Butler, that a short time before the day on which defendant is charged in the indictment with the theft of the breast-pin, that she saw Carrie Haynes put said breast-pin in the pocket-book of defendant; * * * that said witnesses, Lucinda Butler and Ira Smith, have been in attendance upon the court, in obedience to said subpœna, at each term of the court since they were subpœnaed until the present; that said witnesses are not absent by the consent or procurement of this defendant; that the testimony of said witnesses cannot be procured from any other source; that the defendant has a reasonable expectation of procuring the testimony of said witnesses at the next term of the court; that this application for continuance is not made for delay."

The county attorney, by permission of the court below,

filed the affidavits of James W. Watts, Joe Walker, and
W. W. Watts, for the purpose of contradicting the state-
ments which the accused proposed to prove by the absent
witnesses, and to prove by said counter-affidavits that the
witness Lucinda Butler could not in truth swear that she
saw Carrie Haynes put said pin in the pocket-book of
defendant, because, on August 29th, and prior to that date,
the said James Watts had said pin in his possession, and it
could not have been in the possession of Carrie Haynes;
and also to disprove the statements and admissions of the
accused in reference to the stolen property, and how he
came by the same.

We believe that counter-affidavits are not admissible, on
an application for a continuance, to contradict or to disprove
the facts stated in the defendant's motion for continuance,
which he proposed to prove by the witness Lucinda Butler.
These counter-affidavits put in issue before the court mate-
rial facts which should only be passed upon by the jury.

Counter-affidavits are only admissible in criminal cases,
on an application for continuance, to show a want of dili-
gence to procure the testimony of the absent witness, or to
show that the witness is dead or has moved beyond the
jurisdiction of the court, and, therefore, there is no proba-
bility that by continuing the case the party needing his
testimony will be able to procure his attendance at the next
term of the court.

Any evidence tending to show that the defendant came
honestly in possession of the breast-pin, after it was stolen,
was proper to go the jury, to be considered by them; and
it is not for us to decide what effect it would have on the
minds of the jury in finding their verdict. In this case the
application for a continuance comes fully up to the require-
ments of the law, and, we think, should have been granted,
so as to have given the defendant an opportunity to procure
the testimony of the witness Lucinda Butler. The facts

stated by the accused, in his said application, that he wanted to prove by Ira Smith were but the declarations of the defendant, and were not proper testimony. A defendant charged with theft cannot, in this manner, manufacture testimony for himself.

The court properly overruled the defendant's application for a change of venue. The Code of Criminal Procedure provides that " a change of venue may be granted on written application of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine : 1st. That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial. 2d. That there is a dangerous combination against him, instigated by influential persons, by reason of which he cannot expect a fair trial." Pasc. Dig., Art. 2994.

The application was in the proper form, and was for both of the causes stated in the above Article. The county attorney, for the state, successfully attacked the credibility of the two persons who made the supporting affidavit, in the opinion of the judge who presided at the trial ; and we cannot say that, in exercising the discretion allowed him by law, in passing upon the application for a change of venue, he abused it.

The indictment described the property stolen as the property of "J. H. Watts," and the proof shows it belonged to "J. W. Watts." It is insisted that the variance is fatal, and that on this account the judgment must be reversed. The court instructed the jury that it was sufficient to prove the ownership of the property to be in J. W. Watts, if it be not shown that there is any such person as J. H. Watts. .

It has been frequently held by our supreme court that it

is sufficient, in describing the party injured, to give the initial letters of his christian name with his surname; and that a mistake in the initial letter inserted between the christian and the surname of a party alleged in the indictment to have been assaulted may be disregarded; and it is not error for the court to allow evidence to be introduced on the trial of an assault committed upon the person named by the true name and initial, or without reference to the initial at all. *Stockton* v. *The State*, 25 Texas 772. The law does not recognize or know middle names.

Conceding these legal propositions to be true, without deciding the point in controversy—we have found no case exactly in point—we are rather inclined to believe that the error in the initial letter in the middle name of the owner of the property stolen was immaterial. *Stockton* v. *The State*, 25 Texas, 773; *McKay* v. *Speak*, 8 Texas, 376; *The State* v. *Manning*, 14 Texas, 402; *Bratton* v. *Seymour*, 4 Watts (Pa.), 330; *Steen* v. *The State*, 27 Texas, 88.

At the same time, this is a very nice question, and, to place the matter beyond any controversy hereafter, we would suggest to the county attorney the propriety of getting a new bill of indictment, in which the ownership of the property be correctly described.

For the error committed by the lower court in overruling defendant's motion for a continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*