Mr. Justice VanValkenburgii
delivered the opinion of the court.
As to the first assigned error, that the court overruled the plea in abatement and permitted the State Attorney to amend the indictment by filing a specification, we think the views held by the counsel for the defendant are not tenable. It was long ago held in England, under their laws, that a person could have but one Christian name, or that if he had, but one would be regarded by the law. This rule has been very generally adopted in this country, and seems to be well established in several of the States. In the case of the people vs. Cook, 14 Barbour, 259, 307, the court say: “It has been repeatedly held in this court, that the middle letter between the Christian and surname does not prejudice, even in judicial proceedings and in conveyance of estates. It is no part of the name, for the law knows only of one Christian name.”
In the case of the State vs. Manning, 14 Texas, 402, the court say: “It seems well settled that an initial letter, interposed between the Christian and surname, is no part of either. (Bratton vs. Seymour, 4 Watts, 329.) And it would seem to follow that it is immaterial whether one be introduced, which the party is not accustomed to use, or one be omitted which he is accustomed to use, or whether those used by him in writing his name be transposed. In neither case would it amount to a misnomer.”
In the case of Edmundson vs. The State, 17 Alabama, 179, the court say: “But it is contended that the improper insertion of the middle letter ‘L.' in the name constitutes a misnomer. We do not think so. There are, it is true, authorities which go to that extent, but we think the better opinion is, That the law knows only of one Christian name/ and that the middle letter forms no part of it, so that its insertion or omission makes no difference and may be disregarded.” See also Keene vs. Meade, 3 Peters, 1; Rex vs. Newman, 1 Ld. Ray, 562; Roosevelt vs. Gardiner, 2 Cowen, 463; Franklin vs. Talmadge, 5 Johnson, 84; Milk vs. Christie, et al., 1 Hill,. 102; Erskine vs. Davis, 25 Ill., 251; State vs. Martin, 10 Mo., 391.
But, had the insertion of the middle letter in the name of the defendant, as used in the indictment, been held bad, the defect was amply cured by filing, under the order of the judge, the specification making such indictment more definite, by striking out such initial letter. Such amendments are permitted in the English courts. By statute 7, Geo. 4, chap. 64, it is provided, “that no indictment or information shall be abated by reason of any dilatory plea of misnomer, or want of addition, or- of wrong addition, of the party offering such plea, if the court shall *be satisfied by the affidavit or otherwise of the truth of such plea; but in such case the court shall forthwith cause the indictment or information to be amended according to the truth, and shall call upon the party to plead thereto, and shall proceed as if no such dilatory plea had been pleaded.”
In our own State, we have a statute under which the specification in this case was filed, and the amendment made, chapter 1107, laws of 1861, approved February 2, 1861, §3 provides: “That at any time,-either before or after trial, when it shall appear to the court, on the application of the accused, that the vagueness of the indictment would expose the accused to substantial danger of a new indictment for the same offence, it shall be the duty of the said court to require the solicitor to specify in writing the details of the offence charged against the said accused with sufficient distinctness as to obviate the said objection, which specification shall constitute a part of the record in said case.” While this statute does not in express terms warrant an amendment so as to cure a misnomer, still in the language of the first section, it embraces “any defect in the form of the indictment” which, in the opinion of the court, makes it “so vague, indistinct and indefinite, as to mislead the accused and embarrass him * * * in the preparation of his * ■ * * defence, or expose him, * * * after conviction or acquittal, to substantial danger of. a new prosecution for the same offence.” The court very properly permitted the filing of the specification in abundance of caution to protect the defendant in case of *171 Ins acquittal or conviction from tlie clanger of a new prosecution for the same offence.
The indictment charges that the defendant “did make an,assault by placing said musket gun to his shoulder, the muzzle of said musket gun, loaded as aforesaid, pointing toward the said M. H. Wearing with intent/5 &c. We think the acts constituting the assault are sufficiently set out, and that the indictment is not in this respect “vague, indistinct or indefinite/5 and therefore that the second ground of error is not well taken.
The third assignment of error was abandoned by the counsel for the plaintiff in error on the argument.
The fourth error alleged is that the court erred in permitting the witness Cobb to testify after the defence had rested, his evidence not being in rebuttal of any matter introduced on the part of the defendant, but cumulativé on the part of the State. Courts are intrusted with a discretion in regard to the introduction of evidence and the examination of witness; this discretion should be exercised in furtherance of justice; when formal proof has been omitted they have allowed witnesses to be called, and other proof given at any time before the jury retire. When the plaintiff’s attorney by an accidental omission does not examine a witness who was present in court, and a non-suit is moved for after resting his case, the court has permitted the witness to be examined in furtherance of justice. It must be a strong case, showing that injustice has been done the party, and that a sound discretion has not been exercised, which would induce this court to interfere to disturb the judgment of the Circuit Court, by revising the exercise of that discretion with which they are entrusted in regard to the relaxation of the rules of evidence. In the case of Coker and Schiffer vs. Hayes, 16 Fla., 368, tins court said: “A party, after closing the examination of a witness, and after closing his testimony, has no absolute right to recall a witness before examined by him to establish matters not in rebuttal, or to simply repeat his testimony. * * * Whether this rule ought, or ought not to be varied, is a question for the Circuit Court; and a court of error, if it should interpose at all in such matters, should not do so except where it sees that injustice has been done through this action.55
In Brown vs. Burrus, 8 Mo., 26, the court of that State says: “Material testimony ought not to be rejected, because offered after the evidence is closed on both sides, unless it has been kept back by trick, and the opposite party would be deceived or injuriously affected by it. So, after a witness has been examined and cross-examined, the court may, at its discretion, permit either party to examine him again, even as to new matter, at any time during the trial." Freleigh vs. The State, 8 Mo., 606; Law vs. Merrills, 6 Wend., 268; Jackson et al. vs. Talmadge, 4 Cowen, 150; Edwards vs. Sherratt, 1 East, 604; Mercer vs. Sayer, 7 John., 306; Rucker vs. Eddings, 7 Mo., 115; People vs. Mather, 4 Wend., 249.
The fifth and sixth assignments or error relate to the charge of the court to the jury.
It is sufficient to say with regard to these two alleged errors that no exception was taken and noted on the trial. At the conclusion of the charge the record shows only that the defendant by his attorney, did then and there except to the whole of said charge.55 We have frequently held that a general exception to the charge of the court is not available if any one of the propositions contained in such charge is correct. Dupuis vs. Thompson, 16 Fla., 69; John D. C. vs. State ex rel., 16 Fla., 554.
The same difficulty obtains with regard to the seventh error assigned. The record in regard to that reads as follows: “And the said defendant by his attorney, during the progress of said trial and while said judge was preparing his charge to the jury, reduced the following to writing and requested the judge to give the same specially in charge to the jury, to-wit: ‘If you believe from the evidence that at the time of the alleged assault the defendant was walking along the streets of Madison, and was suddenly warned or informed b}r any one that Wearing or any one else was in the act of shooting him, he was justified in putting himself in at attitude of defence.5 After the judge had concluded his charge to the jury, and not hearing any further request from counsel to give anything specially in charge, he the said judge neglected to give the above or the substance thereof in charge to the jury as requested.55 The defendant’s counsel reduced this submitted charge to writing during the trial of the cause, he did not call the attention of the court to it subsequently, and took no exception to the neglect so to charge by the court. We must consider that the request was abandoned, and even if it were not, the failure to note an exception would render it unavailable.
The eighth asignment of error, viz: that the court erred in overruling defendant’s motion for a new trial, cannot be sustained. The only other errors therein named, not herein before examined and disposed of, are that the verdict is contrary to evidence and the law. We cannot see that it is contrary to either. There was sufficient evidence to warrant the conviction by the jury. They are to pass upon the credibility of the witnesses and to determine the facts upon the evidence. This court will not in such a case attempt to disturb the verdict.
The ninth ground of error, to-wit: that there was error in overruling defendant’s motion in arrest of judgment, upon the several grounds mentioned in such motion before the court below, is not before the court. Appended to the record and certified by the clerk are two papers; one purporting to be extracts from the records of the proceedings of the County Commissioners in the following language:
“Madison, Ela., January 2, 1879.
J. M. Beggs, Clerk of Court:
Dear Sir: Attached you will find a list of registered voters, set aside by an order of the Board of County Commissioners of Madison county, at their regular meeting this day, A. D. 1879, from which the jurors for the courts of the present year are to be drawn.
John* L. inglis,

Chairman Board Co. Com

Here follows a list of names.
The second paper reads as follows:
“Madison C. H., Ela., March 13, 1879.
“We file undersigned, R. M. Witherspoon, C. J., Thomas J. Ellison, deputy sheriff, and John M. Beggs,, Clerk of the Circuit < Court, met in the clerk’s office this day and proceeded to draw the grand and petit jurors for the spring term of the Circuit Court for April 21, 1879, whereupon the following persons were drawn, to-wit:
“Grand Jurors, Petit Jurors.”
Here follows list of names.
These papers are not embodied in the bill of exceptions, and the Judge of the Circuit Court has in no manner certified to them, or that they were ever used upon the trial of the cause or on the motion in arrest of judgment. They are, therefore, no part of the record, and can be of no avail in this court. All evidence used in the proceedings and upon motions subsequent to the verdict should be embodied in and made a part of the bill of exceptions in order to enable this court to review them. We have said in Gallaher vs. State, 17 Fla., 370, that “the bill of exceptions is a simple history of the case as tried, and should contain nothing more nor less than the facts as they appeared to the court and jury, from the commencement of the trial until the *172 final judgment by the court. All objections, rulings by the court and exceptions should appear in the body of the bill of exceptions in their proper and appropriate place, and will not be considered if upon separate pieces of paper filed subsequent to the verdict, or in cases of motion for new trial, or in arrest of judgment after final judgment.”
Aside from the fact that there is no such bill of exceptions as is required to present any question of. that character to this court, if it had been properly raised, we are of the opinion, that all objections to the legality of grand jurors must be made by plea in abatement to the indictment before pleading in bar. Such is the rule as announced by this court in Gladden vs. The State, 13 Fla., 623, where the court say: “Such matters are reached by plea in abatement only, (though in some States a challenge to the array is treated, we do not say properly so, as a substitute for a plea in abatement,) and matters in abatement in criminal as well as in civil eases must be pleaded before pleading in bar.”
The tenth and last error assigned is that the court erred in not signing and sealing his instructions to the jury.
Section 1 of Chapter 2096, laws of 1877, approved March 2, 1877, provides that in common law and criminal eases the judge’s charge shall be wholly in writing. Section 2, however, provides: “That the several judges of the Circuit Courts of this State may charge juries trying all appeals from the justices of the peace in civil and criminal cases, and all felonies not punished capitalty, and misdemeanors, orally, unless they are requested by the Slate Attorney, or attorneys for defendants or plaintiffs, or the parties themselves, to charge said juries in writing as declared in the foregoing section, which request shall be in writing, before the evidence in the case is closed.”
There is no evidence in the record that the 'judge of the Circuit Court was requested to charge the jury in writing. Had he been so requested before the evidence in< the case was closed, it would have been error to have neglected or refused so to sign and seal his charge.
The judgment of the court below is affirmed.