[No. 1998.]

JOHN S. ANDERSON AND ANOTHER *v.* THE STATE.

1. SCIRE FACIAS — BAIL BOND — EVIDENCE.— See the opinion *in extenso* for a bail bond *held* to be good as against the objection that its conditions were more onerous than those required by law, and which was therefore admissible in evidence in a *scire facias* proceeding thereon.

2. SAME — PRACTICE — LIS PENDENS — CASE STATED.— In August, 1882, a judgment *nisi* was taken upon the bond, citation issued, and defendants answered by excepting to the judgment *nisi,* because insufficient. In January, 1883, the exceptions were heard and sustained, the judgment *nisi* set aside and annulled, and the citation issued thereon quashed. In August, 1883, the case was regularly reached for trial. The principal in the bond making default, the bond was again forfeited, judgment *nisi* entered, and *scire facias* issued. To this second *scire facias* the defendants pleaded as a bar the pendency of the former proceeding on the same bond. *Held,* that the defense of *lis pendens* is untenable, the effect of the order of the court of January, 1883, being to vacate and annul all of the proceedings on the first forfeiture, and restore the parties to the *status quo ante.*

3. BAIL BOND — VARIANCE.— The bond is signed "J. W. Dixon." The name of the principal is stated in the body of the bond as " Jack Dixon." The indictment charges "Jack Dixon." The forfeiture was taken against "Jack Dixon," and the *scire facias* to the sureties described the principal against whom the bond was forfeited as "Jack Dixon." *Held,* that the middle initial being immaterial to the sufficiency of the bond, the first initial may be taken to stand for " Jack," and there is no variance.

Appeal from the District Court of Navarro. Tried below before the Hon. L. D. Bradley.

The appeal in this case is from the judgment final on the forfeiture of the bail bond of Jack Dixon, bailed on a charge of cattle theft. The amount of the bond and judgment was $750.

The opinion discloses the case.

*Beale & Autry*, for the appellants.

*J. H. Burts*, Assistant Attorney-General, for the State.

Hurt, Judge. This appeal is taken from a final judgment upon a forfeited bail bond.

The first error assigned is that the court erred in admitting in evidence the bail bond, over defendants' objection, because "said bond was not conditioned as the law directs, and that its conditions were more onerous than the law requires." Under this assignment appellants submit this proposition:

"If the conditions of a statutory bond be more onerous than the law requires, the bond is void, and cannot support a judgment."

The conditions of the bail bond are as follows: "Now, if the said Jack Dixon shall be and appear at the next term of the district court, to be held in and for the county of Navarro, at the court-house thereof, in the city of Corsicana, on the first Monday in July, 1882, there to remain in attendance from day to day and from term to term until discharged *by the court,* to answer the State of Texas on a charge of theft of one heifer and one cow, *and not depart without leave of the court,* then and in that case this bond shall be null and void; otherwise, to remain in full force and effect."

The conditions, as here set out, are in no respect more onerous than those prescribed by the statute. That the defendant should remain in attendance from day to day and from term to term until discharged by the court, and not depart without leave of the court, would have been the legal effect of the bond even if it was not so expressed. (See art. 290, Code Crim. Proc., and *Pickett et al.* v. *The State,* 16 Texas Ct. App., 648.) The case of *Turner* v. *The State,* 14 Texas Ct. App., 169, is not in point, for there the conditions of the bond were held to be more onerous than those imposed by statute, because they bound the principal to "abide the final judgment of said court," and it was upon this condition that the decision is expressly rested. The objection was not well taken.

On the 2d day of August, 1882, a judgment *nisi* was taken upon the bond, upon which citation issued, and the defendants answered by excepting to the judgment *nisi* because the same did not state that said judgment will be made final unless good cause be shown at the next term of the court why defendant did not appear. On the 24th day of January, 1883, these exceptions were heard and sustained by the court, and the judgment was set aside and annulled, and the citation or *scire facias* issued thereon was quashed.

On the 16th day of August, 1883, the case being regularly reached and called for trial, Jack Dixon, defendant in the indictment and principal in the bond, not appearing, the bond was again forfeited, judgment *nisi* entered and *scire facias* issued. Now to this suit upon the second forfeiture of the same bond defendants interposed in their answer the pendency of the former proceeding on the same bond as a bar.

The question presented is, Was there pending another suit between the parties involving the same subject-matter? We think not; for the judgment *nisi*, as well as the *scire facias* issued thereon, was annulled and vacated, and the *scire facias* quashed. The effect of this order vacating the judgment and quashing the citation was to leave appellants in precisely the same condition occupied by them before the forfeiture, because each and every step taken in the prosecution of the first suit, upon motion of the appellants, was by the solemn decree of the court declared null and void, thus leaving the parties *in statu quo;* to wit, resting on their bond without a forfeiture of the same. Certainly it will not be contended that by these proceedings the bond was rendered nugatory, for it remained in full force and effect, just as if no forfeiture had ever been taken. We are of the opinion that there was no suit pending between the parties.

The bond was signed "J. W. Dixon;" the principal is stated in the body of the bond to be Jack Dixon. The indictment was against Jack Dixon. The forfeiture was taken against Jack Dixon, and the *scire facias* informed the sureties that Jack Dixon's bond was forfeited. The middle name not being material, the "J" in the signature to the bond may very well stand for Jack, and there is evidently no variance. (*State* v. *Manning*, 14 Texas, 402; *Ham* v. *The State*, 4 Texas Ct. App., 672.)

The other grounds relied upon for a reversal of the judgment have been carefully considered, but we are of the opinion that none are well taken. The judgment is affirmed.

*Affirmed.*

[Opinion delivered November 11, 1885.]