## A. ENGLISH v. THE STATE.

*No. 3972.   Decided December 9.*

1.   **Forgery—Indictment—Purport and Tenor Clauses—Variance in Name.** It is not essential that an indictment for forgery shall set out the forged instrument both by its purport and tenor, nor is it necessary to set out the person intended to be defrauded, the allegation of intent to defraud being sufficient. If, however, it sets out the alleged forged instrument both by its purport and tenor, any repugnancy between the two is fatal to the indictment; and where the indictment charged that the forged instrument purported to be the act of M. R. L., and sets out the instrument *in hæc verba*, which is signed R. M. L., *held* to be a fatal variance between the purport and tenor clauses as to the name of the party alleged to have been defrauded.

2.   **Christian Names and Initials.**—While the rule is well settled that middle initials of a name are never taken notice of in law, that rule does not apply to Christian names or first initials representing Christian names, and a variance in the proof as to the first initial or Christian name is always fatal.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

This appeal is from a conviction of forgery, the punishment being assessed at three years confinement in the penitentiary.

It is unnecessary to give a statement of the facts in the case.

*Jones & Garnett* and *G. B. Griggs,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State, confessed error as to the fatal variance between the purport and tenor clause in the indictment.

WHITE, PRESIDING JUDGE.—This prosecution is for forgery, and the indictment, omitting the formal parts, alleges that the defendant, "without lawful authority, and with intent to defraud, did willfully and fraudulently make a false instrument in writing, purporting to be the act of another, to-wit, the act of M. R. Lewis, which said false instrument in writing is in the tenor following: 'Galveston, Texas, 12, 15, '90. Mr. Sweeney—Please pay to W. Howard or bearer the sum of $30, and charge the same to me. Oblige yours, respectfully, R. M. LEWIS, plasterer,'" etc.

At a former day of this term we affirmed a judgment of conviction against this appellant for uttering or passing said forged instrument. The indictment in that case had no purport clause, as has the one now before us.

It will be noted in the case in hand that the indictment avers that the act purports to be the act of M. R. Lewis, and that its tenor clause, where the instrument is also set out *in hæc verba,* shows that it is signed "R. M. Lewis" and not "M. R. Lewis." It is evident that there is a variance between the purport and tenor clauses as to the name alleged to have been forged.

While the rule is well settled that middle initials are never taken notice of in law, that rule does not apply with regard to Christian names or first initials representing Christian names. "When a party or third person is designated in a pleading, warrant, or indictment by a surname preceded by one or more capital letters only, the court, in the absence of evidence, will not presume that he has any Christian name other than such letter or letters." 16 Am. and Eng. Encyc. of Law, p. 116.

"The common law recognizes but one Christian name; hence the middle name or names, or the middle initial letter or letters of a person's name, are not material, either in civil or criminal proceedings, and a variance between the pleading and proof in respect to such names or initial is, according to nearly all the authorities, harmless. Such names or initials may properly be omitted altogether." 16 Am. and Eng. Encyc. of Law, p. 114; The State v. Manning, 14 Texas, 402; Dodd v.The State, 2 Texas Ct. App., 58; Dixon v. The State, Id., 531; Sullivan v. The State, 6 Texas Ct. App., 319; Delphino v. The State, 11 Texas Ct. App., 30.

The purport and tenor clauses of the indictment in this case show a manifest variance between the first initials used instead of the Christian

name, as well as a like variance between the middle initials. It was unnecessary to set out in the purport clause the name of the party alleged to be defrauded, because the statute expressly provides that in any case where an intent to defraud is required to constitute an offense, it shall be sufficient to allege the intent to defraud, without naming the particular person to be defrauded. Code Crim. Proc., art. 423.

The question of variance and repugnancy between the purport and tenor clauses in an indictment for forgery was discussed in Westbrook v. The State, 23 Texas Court of Appeals, 401, and it was held, that "it is not essential that the indictment for forgery shall set out the forged instrument both by its purport and tenor; nor is it necessary that it shall set out the name of the person intended to be defrauded, the allegation of the intent to defraud being sufficient. If, however, the indictment sets out the alleged forged instrument both by its purport and its tenor, any repugnancy between the two is fatal to the indictment." Roberts v. The State, 2 Texas Ct. App., 4, and other authorities. See the subject also thoroughly discussed in a note to Wright v. Clements, reported in 2 Leading Criminal Cases (2 ed.), pp. 100–102. The Assistant Attorney-General confesses error upon fatal variance in the allegations of the indictment.

Because of the fatal variance between the purport and tenor clauses of the indictment with regard to the name of the party forged, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.