Liyingston, J.,
delivered the opinion of-the court. The principal question is, shall an instrument purporting to be a bond, and in its usual form and terms, delivered also as the maker’s deed, not be considered as a specialty, because the L. S. are affixed to his name' instead of being sealed with wax or wafer ?
However ancient the use of seals, as a mark of authenticity to- instruments, may be, or to whatever cause their origin may be ascribed, it is certain that in modern times a private seal is. not regarded as evidence of truth, or of belonging to the party to whose signature it is affixed, but that men promiscuously use each other’s seals without attention to the impression or coat of arms. Thus, it is no common thing to see a seal, containing the device, arms, and perhaps name, of one person, used to authenticate the instalment of another. If it be not necessary, then, that in sealing a deed, the grantor should-affix, his own, but may adopt the seal of a stranger, why should it be exacted that the materials on which the impression is mede should be of wax, wafer, or of any other particular composition? Why should not any impression or mark answer as well as the common mode of sealing, provided it be durable, whether it be stamped on the paper itself, or on something laid upon it, if it be made as a solemn act of confirmation, and deliberately acknowledged as the seal of the party making it ? Why, then, may not ink, the mark of *which will last full as long as any made on wax or wafers, be used as well as they ? -But, without giving an opinion on a point not before us, and which might seem to encourage an innovation in the mode of sealing, we all think that this instrument being executed in Pennsylvania, according to the laws(a) and usages of *363 which state, sanctioned by a decision of its supreme court, such form of sealing is as valid to constitute a deed or specialty as if wax or wafer had been applied, it ought to be received as such here, and of course, that an action of debt will lie on it in this court.
On the other point, which regards the misnomer, we think there is no essential difference between the name in the bond and the one by which it is subscribed. The variance arises from a little misspelling, which produces scarcely any change in pronunciation. The sound of both names is nearly alike. In the case cited from Dyer, an entire wrong Christian name (John for William) was inserted in a bond, which the obligor had signed by his true baptismal name, and by this he was sued, but it was there held that he should have been arrested by the name in the bond, with an alias dictus as to the name by which it was executed. This may be good law, but as the reason and common sense of it are not very palpable, and as this is not the case of a wrong Christian name, but of a trifling misspelling of a surname, we do not think it presents any obstacle to our giving judgment for the plaintiff.
Judgment for the plaintiff.

 Which were proved at the trial by the testimony of a counsellor at law residing in Pennsylvania.