## Case No. 15,370.

### UNITED STATES v. HINMAN.

[Baldw. 292.] [1]

Circuit Court, D. New Jersey. April Term, 1831.

INDICTMENT FOR FORGERY—VARIANCE—PROOF OF SCIENTER—EVIDENCE—ACTS OF ACCOMPLICES.

1. In an indictment for forgery, if there is a variance of a letter in any word, between the paper alleged to be forged and the indictment, the paper will be received in evidence, if the variance does not make another word, or one differing in sense and grammar.

[Cited in Barnes v. People, 18 Ill. 53; People v. Phillips, 70 Cal. 66, 11 Pac. 493; Turpin v. State, 19 Ohio St. 545.]

2. If it is doubtful, the meaning will be left to the jury.

[Cited in U. S. v. Mason, Case No. 15,736.]

3. An order on the cashier of the Bank of the United States is evidence in support of an indictment for forging an order on the cashier of the corporation of the Bank of the United States.

[Cited in U. S. v. Marcus, 53 Fed. 786.]

4. The scienter may be proved by the fact of similar forged orders found in possession of the defendant, or of an accomplice in passing them.

5. If there is a concert between two or more to pass counterfeit notes, or any joint or concurrent action in passing them, the act of one is evidence against the other, and the possession of counterfeit notes by one is the possession of the other.

This was an indictment for passing a counterfeit order or check purporting to be drawn by Jno. Hulse, president of a branch Bank of the United States, on the cashier of the Bank of the United States for five dollars, payable to Sandford or order. It was proved that the order or check was counterfeit, and was passed by the defendant as true; it was also proved that a bundle containing twenty-six similar counterfeit orders or checks, was found upon one Moore, who was in company with Hinman, and between whom there was evidence of a connection in passing them. In the indictment the order was said to be signed by "Jno. Hulse," the order offered in evidence appeared to be "Jna. Hulse;" in the indictment the place was called "Fayelville," in the order it was "Fayetville." The indictment charges the order to purport to be drawn on the cashier of the corporation of the president and directors of the Bank of the United States; the order is on the cashier of the Bank of the United States. For these variances an objection was made

---

1 [Reported by Hon. Henry Baldwin, Circuit Justice.]

against the admission of the order in evidence. The bundle of notes was offered in evidence to show the scienter, but was objected to, because it was not proved that the defendant had passed or offered to pass any of them, and they were not found in his possession.

Mr. Wall, for the United States.

Mr. Stockton and Mr. Halstead, for defendant.

BY THE COURT. Where the addition, omission or change of a letter makes a word different in sense and grammar, as "nor" for "not" (2 Salk. 660), or a different name, as "King" for "Ring" (1 East, 180, note), or another word, the variance is fatal; but where the word is not changed, as "understood" for "understood," the variance is not material (Cowp. 229). When an instrument is recited in the indictment as purporting to be, &c., it refers to what appears on the face of the instrument, which must correspond with the indictment (Doug. 289, 302; 1 East, 180, note); but the indictment in this case does not so set it out. Where the variance is plain, the court will decide the question by rejecting the evidence, where it is doubtful they will refer it to the jury, whose decision will be conclusive; as if an indictment lays a bank note to be signed "J. Reed," and the note produced is signed "J. Read" (4 Halst. [9 N. J. Law] 32); in which case the jury were instructed to find whether both names were the same. It is in evidence that there is a branch of the Bank of the United States at Fayetteville, North Carolina, of which John Hulse is president and J. W. Sandford cashier; and the order purports to have been drawn there. It is therefore a proper case for the jury to decide on a comparison of the order with the indictment, whether the place and the names are the same. There is no rule of law that the omission to cross a "t" or dot an "i" makes words different from their obvious intendment, the shape of the marks denoting a letter, whether it is an "o" or an "a," is a matter of fact and intention. We cannot judicially say that because the district attorney did not draw a line across the letter "l" the indictment cannot in law mean Fayetteville; or because in referring to the name of the president of the bank, he wrote "Jna." instead of "Jno.," it is not for us to measure the lines and curves of a letter, to ascertain whether it is an "a," an "o" or any other letter. If they may be reasonably taken to mean either, the jury are at liberty to adopt such as seems to them to comport with the obvious intention of the writer; and they ought to have evidence that there is a bank at Fayetteville, of which some other person than John Hulse is president, before they can decide, that the place where the order was drawn, and the person drawing it, are not as laid in the indictment. The indictment follows the words of the law, defining the offence to be, "or

shall pass any false, forged or counterfeited order or check upon the said bank or corporation, or any cashier thereof." The corporation is created by law, by the name and style of the "President, Directors and Company of the Bank of the United States." 3 Story's Laws, 1550 [3 Stat. 268]. The cashier of the bank is the cashier of the corporation, and an order or check drawn on him is drawn on the corporation, or a cashier thereof. We are therefore of opinion that the indictment is well drawn ([U. S. v. Gooding] 12 Wheat. [25 U. S.] 474), and that the order ought to be received in evidence.

The admission of the bundle of notes found on Moore depends on the fact of a concert and communication between him and the defendant in passing counterfeit notes or orders; if they had made a common or concerted cause, in which each had his part to act, or they in any way acted together in pursuance of any agreement or understanding, each is answerable for the acts of the other, as fully as if done by himself. The whole conduct, acts and declarations of the one, accompanied with acts, are evidence against the other. It is not for us to decide how, for the connection between Moore and Hinman is proved; but as there has been enough of evidence given of concert and joint action as conduces to prove the fact, a prima facie case is so far made out as to make it proper to submit it to the jury. If they are satisfied that there was a concert of action for the effecting the common object of passing the counterfeit orders, their possession by Moore is in law the possession of Hinman ([U. S. v. Gooding] 12 Wheat. [25 U. S.] 468, 470); and they may infer the scienter as if they had been found on him.

Verdict, guilty.