ISHAM E. WALLACE, Plaintiff in Error, *v*. THE PEO-
PLE, Defendants in Error.

#### ERROR TO MONROE.

An indictment upon a lost paper, which it is averred was a forgery, should set out the substance and effect of the instrument; that the court may see that it was such an instrument, that the forgery of it would constitute a crime.

WALLACE was indicted for forgery in the Monroe Circuit Court, at May term, 1861.

The indictment avers, that Wallace, on the thirtieth day of September, in the year of our Lord one thousand eight hundred and sixty, at and in the county of Monroe aforesaid, unlawfully, willfully, knowingly, falsely and feloniously, did then and there forge a certain certificate, purporting to be a certificate of qualification, purporting to be issued by John H. Breemer, school commissioner of Monroe county aforesaid, to him the said Isham E. Wallace; which said false, forged and fraudulent certificate purported to authorize said Isham E. Wallace to keep a school in any of the school districts and draw the public school funds, in any school district in said county of Monroe, in which he, the said Isham E. Wallace, should be employed by the school directors of any school district, for the space of two years from the date of said forged certificate; the date of which said forged certificate is some day in the month of September aforesaid; the said date and substance of which said forged certificate is unknown to the jurors aforesaid, the said forged certificate being lost; with intent thereby then and there unlawfully, willfully, knowingly and feloniously, to cheat and defraud William Rush, etc., school directors of school district number six, in township number four, etc., in said county, etc., contrary to the form of the statute, etc.

Wallace was tried, convicted and sentenced to the penitentiary for one year. Motions for a new trial, and in arrest of judgment were overruled. Thereupon Wallace sued out this writ of error.

H. K. S. OMELVENY, and W. H. UNDERWOOD, for Plaintiff in Error.

T. S. CASEY, District Attorney, for The People.

CATON, C. J. This indictment was undoubtedly insufficient

and should have been quashed. It was designed to be upon a forged certificate of qualification to teach a common school, by the school commissioner of Monroe county, to the prisoner; which was lost. The indictment does not set forth the tenor or substance of such a certificate as would authorize the prisoner to be employed as a teacher and draw the public money. The law requires such a certificate to state that the person is of good moral character, and is qualified to teach orthography, reading in English, penmanship, arithmetic, English grammar, modern geography, and the history of the United States. The indictment does not find that the forged paper contained any such statements, or the substance of them. All it states is, that the certificate purported to authorize the prisoner to keep a school in any of the districts and draw the public school funds, in any school district in Monroe county. If this was the substance of the paper, it was not such a certificate as the law required, to authorize the directors to employ the prisoner as a teacher. It does not appear that it contained any statement of his qualifications to teach a school, as is specified in the law. But more than this, the indictment expressly avers that the *substance* of the certificate was unknown to the grand jurors. Where an indictment is upon a lost instrument, which is a forgery, it should set out the substance and effect of the instrument, that the court may see that it was such an instrument as to forge which constitutes a crime. In this respect, the indictment upon which the prisoner was convicted is entirely defective.

But the proof was as insufficient as the indictment. Had the indictment set out such a certificate as the law requires, the proof would not have sustained it. For this reason we shall not remand the case. The judgment is reversed, and the prisoner ordered to be discharged.

*Judgment reversed.*