## CHOEN *v.* THE STATE.

NAME.—*Christian Name.*—*Initial Letters.*—*Criminal Law.*—The law knows and recognizes as applicable to a person but one Christian name, and if, in a criminal prosecution for an assault and battery, in stating the name of the person injured, in charging the offence, one Christian name be properly stated, and the initial letter of another Christian name be inserted, such initial letter will be regarded as surplusage, and it will be sufficient to prove the Christian name as stated, with the surname, and without such initial letter.

From the Cass Circuit Court.

*D. C. Justice,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

WORDEN, J.—The appellant was prosecuted before a justice of the peace upon an affidavit charging him with having perpetrated an assault and battery upon George W. Shott. The cause was tried before the justice by a jury, where the appellant was found guilty. He appealed to the circuit court, where the cause was again tried by a jury, the trial again resulting in a verdict of guilty. Judgment on the verdict, a motion for a new trial having been overruled.

No question is made here, except as to the sufficiency of the evidence to sustain the verdict. Upon an examination of the evidence, we think it fairly sustains the verdict. Two juries have arrived at the same conclusion upon the question of the appellant's guilt, and we can by no means say, from an examination of the evidence set out in the record, that a wrong result has been reached.

There is, however, one particular in which the appellant especially claims that the evidence was defective. The evidence did not show that the name of the person assaulted and beaten was George W. Shott, as alleged, but George Shott. It is insisted by the appellant that, as the name was alleged to be George W. Shott, the proof should have corresponded with the allegation, and that the omission or failure to prove the initial letter " W " of the middle name was fatal.

We recognize the rule that where matters of description are alleged, though unnecessarily, they must be proved. *Wertz* v. *The State*, 42 Ind. 161. But a majority of the court are of opinion that the rule has no application to such case. The law, in the opinion of a majority of the court, knows but one Christian name, and where one Christian name is stated, and also the initial letter of another Christian name, as in this case, the initial letter may be rejected as surplusage, and need not be proved. These views are sustained by the following authorities:

*Franklin* v. *Talmadge*, 5 Johns. 84; *Roosevelt* v. *Gardinier*, 2 Cow. 463; *Milk* v. *Christie*, 1 Hill, 102; *The People* v. *Cook*, 14 Barb. 259, 307; *Dilts* v. *Kinney*, 3 Green, N. J. 130; *Thompson* v. *Lee*, 21 Ill. 242; *Erskine* v. *Davis*, 25 Ill. 251; *Bletch* v. *Johnson*, 40 Ill. 116; *Isaacs* v. *Wiley*, 12 Vt. 674; *Allen* v. *Taylor*, 26 Vt. 599; *Hart* v. *Lindsey*, 17 N. H. 235; *Keene* v. *Meade*, 3 Pet. 1; *State* v. *Martin*, 10 Mo. 391; · *Edmundson* v. *The State*, 17 Ala. 179; *McKay* v. *Speak*, 8 Tex. 376; *The State* v. *Manning*, 14 Tex. 402; *The People* v. *Lockwood*, 6 Cal. 205; *Bratton* v. *Seymour*, 4 Watts, 329. We are aware that the cases of *Price* v. *The State*, 19 Ohio, 423, and *The State* v. *Hughes*, 1 Swan, Tenn. 261, would seem to be at variance with the views above expressed, but we are satisfied that the decided weight of authority sustains the proposition stated.

If the law knows more than one Christian name, it would seem to follow necessarily that where a man bears more than

Choen *v.* The State.

one, they must all be stated in naming him; otherwise there would be a variance. Yet it would perhaps be safe to say that no respectable authority can be found holding it necessary, in naming a third person, as the person assaulted in this case, to state more than one Christian name. Again, if the law knows more than one Christian name, it would seem to follow that in naming a person who bears more than one, in such a pleading, the names should all be stated in full. The stating of one Christian name, if the law recognizes more, with initial letters for the residue, would seem to be no better than giving merely the initials of all the Christian names. If a person has but one Christian name, it will not do to state the initial letter of that merely, but the name must be stated in full. So, if he has more than one Christian name which the law recognizes, it would not do to state one of them merely and give the initials of the others.

On the other hand, if the law knows but one Christian name, and that is properly stated, the initial letter or letters, standing for other Christian names, of which the law takes no cognizance, if inserted, may be regarded as surplusage, and it will be sufficient to prove the Christian name as stated, with the surname.

The judgment below is affirmed, with costs.

PETTIT, J., dissenting. The charge is, that the assault and battery was committed on George W. Shott, but the proof is that it was committed (if at all) on George Shott. The question is, was the proof sufficient? I think it was not. The name of the injured party must be proved as alleged. 1 Greenl. Ev., secs. 65 and 67; *Rex* v. *Craven*, Russ. & Ry. 14; *Rex* v. *Deeley*, 1 Moody, 303; *Rex* v. *Owen*, 1 Moody, 118; *The State* v. *Vittum*, 9 N. H. 519; *Price* v. *The State*, 19 Ohio, 423; *The State* v. *Hughes*, 1 Swan, Tenn. 261; *McLaughlin* v. *The State, ante,* p. 279.