GORDON v. THE STATE.

CRIMINAL LAW.—*Names of Persons in Pleadings.*—The rule, that the christian name of a defendant in a criminal action, unless alleged to be unknown, must be set out in full in the indictment or information, does not apply so strictly to names in papers subsequently filed in the cause, in which any designation which clearly identifies the party or person referred to in connection with the case will suffice.

SAME.—*Motion for Change of Venue.—Names in Affidavit.*—A motion by the defendant for a change of venue from the judge, in a criminal action, should not be overruled because the affidavit of the defendant filed in support of it, describing him as such defendant and identifying the judge by reference to his office as such, does not set out the christian name in full of either the judge or the defendant, but instead thereof gives initial letters prefixed to the surnames.

From the Vanderburgh Criminal Circuit Court.

*G. W. McBride* and *S. E. Smith*, for appellant.

*J. Brownlee*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution in the court below for grand larceny.

The indictment charged the appellant, Thomas B. Gordon, with stealing forty dollars in gold coin, the property of one William F. Hayes.

The defendant entered a plea of not guilty, and moved

the court for a change of venue from the judge, and filed his affidavit in support of his motion, but the motion was overruled, to which he excepted.

The cause being submitted to a jury for trial, a verdict was returned, finding the defendant guilty, and fixing his punishment at two years in the state-prison, accompanied by a fine and disfranchisement, and judgment was rendered on the verdict.

The affidavit in support of the motion for a change of venue is in the record as a part of the proceedings below, and is as follows :

"T. B. Gordon.   In the Vanderburgh Criminal Circuit Court, June Term, 1877.

"The defendant, T. B. Gordon, makes oath and says, that he cannot have a fair and impartial trial before His Honor, W. P. Hargrave, Judge of the Vanderburgh Criminal Circuit Court, of Vanderburgh county, Indiana, on account of the prejudice and bias of said judge against him, the said affiant.   Wherefore he prays for a change of judges; that some other judge be selected to try this cause.   He says that he does not ask for said change for delay merely, but that impartial justice may be done."

(Signed,)                              "T. B. GORDON."

To which a jurat, in due form, was attached by the clerk.

The record informs us, that the application for a change of venue from the judge, as above set out, was overruled for informality, but the record does not state in what the alleged informality consisted, and as no brief has been filed on behalf of the State, the omission of the record, in that respect, has not been supplied in any authorized form.

We are, however, informed by the appellant's brief, that the informality complained of was the omission of the affidavit to give the christian names, both of the defendant and of the judge to whom it was addressed.

Assuming that objection to be the only one urged to

the affidavit, we will proceed to consider it as if it were formally urged here.

The object of the description of persons in all legal proceedings is to identify them, or to designate their office or the character in which they are to be viewed in the proceeding. All persons are presumed to have what is called a christian or given name, and for the purpose of identifying parties, it is a primary rule in practice and pleading, that the full christian and surname should be given at length, unless averred to be unknown. Under our criminal code, as well as the old practice in this State, the christian name of the defendant, if known, must be set out in full in the indictment or information. *Gardner* v. *The State*, 4 Ind. 632; Bicknell Criminal Practice, 84.

But the rule is not so strict as to papers subsequently filed in the cause. In such papers, any designation which clearly identifies the party or person referred to in connection with the case is sufficient. In the case before us, the name of the defendant might have been omitted altogether in the affidavit. It would then have read: "The defendant * * * makes oath, and says," etc.; which would have been a sufficient identification of the party making the affidavit. The judge, from whom the change of venue was prayed, was sufficiently identified by a reference to the office which he held.

The affidavit may have been somewhat informal, in omitting the title of the cause in its caption, and in the precise words used in its prayer for a change of venue, but we think it was substantially sufficient, and that the court erred in refusing to change the venue. *Mershon* v. *The State*, 44 Ind. 598.

The judgment is reversed, and the cause remanded for further proceedings.

The clerk will cause the proper notice to be given for the return of the prisoner.