SCHOFIELD *v.* JENNINGS, ADM'R.

NEW TRIAL.—*Cause for.*—*Practice.*—A cause assigned in a motion for a new trial, alleging error of law occurring at the trial, must point out in what the error consisted.

SAME.—*Supreme Court.*—*Assignment of Error.*—*Exception to Judgment.*— An assignment of error, that the court below erred " in entering judgment upon the finding herein," presents no question to the Supreme Court,

when it appears that no exception was taken to the rendition of the judgment.

LEGAL NAME.—*Middle Name or Initial.*—*Deed.*—By the common law a full name consists of one christian or given name and one surname or patronymic ; the two constitute the legal name of the person. The middle names or initials of the person do not affect his legal name, and they may be inserted or not, or a wrong initial may be inserted, in a deed or contract, without affecting its legal validity.

From the Boone Circuit Court.

*J. W. Clements* and *J. L. Pierce,* for appellant.

*T. J. Terhune, R. W. Harrison* and *B. S. Higgins,* for appellee.

BIDDLE, J.—Complaint on the following promissory note :

" $560.00.                                April 4th, 1871.

" On or before the 25th day of December, 1873, I promise to pay to Thomas T. Wood five hundred and sixty dollars, value received, without any relief whatever from valuation or appraisement laws.

          (Signed,)          " THOMAS N. SCHOFIELD."

Upon the back of the note the following agreement was written :

" This note is given for the purchase of land in which the Redman heirs have an interest, which has been conveyed by Thomas N. Schofield to Thomas T. Wood. The within note not to be paid until the said Wood makes the title good to said Schofield in said land. This note is not to draw interest after maturity until the title is secured by Wood from the Redman heirs.

          (Signed,)                    " THOS. T. WOOD."

The appellant is the maker of the note; the appellee is the administrator of the estate of the payee. The appellant answered the complaint by a general denial and five special paragraphs. Reply in denial to the five special paragraphs. Trial by the court, and finding for the appellee. Motion for a new trial, assigning the following causes :

1.   Because the finding and judgment of the court are contrary to law;

2.   Because the finding of the court is not supported by sufficient evidence; and,

3.   Because of error of law occurring on the trial of said cause and excepted to at the time.

The assignments of error in this court are as follows:

1.   The appellant assigns for error the overruling of the motion for a new trial;

2.   That the court erred in entering judgment upon the finding herein.

The third cause assigned in the motion for a new trial is too general to present any question. It should point out wherein, and in what, the alleged error of law occurred at the trial, as we have many times decided.

The second assignment of error presents no question, as no exception was taken to the rendition of the judgment.

The first cause assigned for a new trial has not been discussed in the appellant's brief, and has no ground in the record.

This leaves the single question presented by the second cause assigned for a new trial, and presented here by the first assignment of error, namely, the sufficiency of the evidence to sustain the finding; and the only objection made to the sufficiency of the evidence is, that the deed tendered to the appellant, before suit brought, under the agreement written on the back of the note, conveyed the interest of the "Redman heirs" in the land sold to Thomas H. Schofield, instead of Thomas N. Schofield.

The purpose of a name is to identify the person. By the common law, since the time of William the Norman, a full name consists of one christian or given name, and one surname or patronymic. The two, using the christian name first and the surname last, constitute the legal name of the person. Any one may have as many middle names

or initials as are given to him, or as he chooses to take; they do not affect his legal name; and they may be inserted or not, in a deed or contract, without affecting its legal validity. When two or more persons have the same name, proof is allowed, *aliunde,* to identify which person is meant, in any given transaction. No person is bound to accept his patronymic as a surname, nor his christian name as a given name, though the custom to do so is almost universal amongst English-speaking people, who have inherited the common law. A person may be known by any name in which he may contract, and in such name he may sue and be sued, and by such name may be criminally punished; and when a person is known by several names—by one as well as another—he may contract in either, and sue and be sued by the one in which he contracts, and may be punished criminally by either. And names which sound alike are held, in law, to be the same, though they may be spelled by different letters.

This question as to a middle name or initial was carefully examined by WORDEN, J., in the case of *Choen* v. *The State,* 52 Ind. 347, wherein it was held, in a criminal prosecution for committing an assault and battery upon George W. Shott, in which the strictest construction is required, that, where the proof was that the injured party's name was George Shott, there was no variance as to the name. See, also, *Gordon* v. *The State,* 59 Ind. 75; and *Kennedy* v. *The State,* 62 Ind. 136.

From the older reports, English and American, the following cases may be cited: *Buckmere's Case,* 8 Co. Rep. 170; *Meredith* v. *Hinsdale,* 2 Caines, 362; *Franklin* v. *Talmadge,* 5 Johns. 84; *Ex Parte Snook,* 2 Hilt. 566; *Coit* v. *Starkweather,* 8 Conn. 289; *Edmundson* v. *The State,* 17 Ala. 179; *Keene* v. *Meade,* 3 Peters, 1; *Games* v. *Stiles,* 14 Peters, 322; *The State* v. *Hughes,* 1 Swan, 260; Abbott Law Dict., tit. Name; 1 Greenl. Ev., sec. 291.

The judgment is affirmed, at the costs of the appellant.