## MILLER v. THE STATE.

CRIMINAL LAW.—*Practice.—Supreme Court.—Evidence.*—Where, in a larceny case, the evidence is not in the record, the Supreme Court can not say that certain evidence as to a conversation with and admissions by the defendant was inadmissible.

SAME.—*Indictment.— Variance.*—Where an indictment charges the stealing of property belonging to Orange Brookshire, and the proof shows the name of the owner to be Orange S. Brookshire, or Orange Scott Brookshire, the variance is not material.

SAME.—*Arrest of Judgment, Causes for.—Grand Jury.—Challenge to Array. —Abatement.*—A motion was made to arrest the judgment in a criminal case because (1) the record did not show that the grand jury was drawn in the mode prescribed by law, or that the grand jurors were reputable freeholders and residents of the proper county, and because (2) the judge in vacation had no power to convene the grand jury.

*Held,* that these objections to the grand jury might have been properly raised by challenging the array, or by pleading them in abatement, but they did not afford causes for arresting the judgment.

From the Henry Circuit Court.

*M. E. Forkner,* for appellant.

*T. W. Woollen,* Attorney General, *C. M. Butler,* Prosecuting Attorney; and *W. A. Brown,* for the State.

NIBLACK, J.—The appellant, Edgar Miller, was indicted

and tried for, and convicted of, grand larceny in the court below.

The charge was for stealing a light bay mare and other personal property belonging to one Orange Brookshire.

After the return of the verdict, motions for a new trial and in arrest of judgment were severally made and overruled.

It is insisted that the court erred in admitting certain evidence as to supposed conversations with, and admissions by, the appellant; but the evidence is not in the record and we can not hence decide what, if any, connection with, or relevancy to, the other evidence adduced, the evidence objected to may have sustained. We are unable to say that the evidence complained of was inadmissible under any reasonably conceivable circumstances, and are not, therefore, authorized to hold that such evidence was improperly admitted.

The court, amongst other things, instructed the jury that, " If it is proved that the owner's name is Orange S. Brookshire, or Orange Scott Brookshire, this is not a material variance from the indictment, and the owner's name would be sufficiently proved as charged ;" and the appellant contends that the court erred in so instructing the jury.

The rule of evidence laid down by this instruction is, however, well sustained by the cases of *Choen* v. *The State*, 52 Ind. 347, and *Schofield* v. *Jennings*, 68 Ind. 232. See, also, 3 Russell on Crimes, p. 314, *et seq.*; Moore on Criminal Law, sec. 371. There was consequently no error in giving the instruction complained of, and none that we can see in the refusal of the court to grant a new trial.

It is further insisted that the motion in arrest of judgment ought to have been sustained, because,

1. The record does not show that the grand jury was drawn in the mode prescribed by law, nor that the grand jurors were reputable freeholders and residents of . the proper county ;

2.   The judge in vacation had no power to convene the grand jury.

The objections thus urged to the grand jury might have been properly raised by challenging the array, or by pleading them in abatement, but they did not afford causes for arresting the judgment.   2 R. S. 1876, p. 409, sec. 144; *Meiers* v. *The State,* 56 Ind. 336; *Sater* v. *The State,* 56 Ind. 378;  *Dorman* v. *The State,* 56 Ind. 454.

The motion in arrest of the judgment was, therefore, correctly overruled.

The judgment is affirmed, with costs.