Hess v. The State.

No. 8885.

## HESS v. THE STATE.

CRIMINAL LAW.—*Empanelling Grand Jury.—Venire.—Statute Construed.—Indictment.—Abatement.*—The inhibition contained in the act of March 10th, 1873, 2 R. S. 1876, p. 418, against the clerk issuing, without an order of the judge, a *venire* for the attendance of grand jurors, already properly chosen by the county board, constitutes no restriction on the power of the court to organize the panel from those found in attendance, though they have come in response to a summons issued without the required order; and, where a grand jury is thus organized, it is not, for that reason, illegal, and a plea in abatement by a defendant to an indictment returned by such jury against him was properly overruled.

SAME.—*Forgery.—Lost Instrument.—Pleading.*—It is not necessary, in an indictment for forgery, where the instrument forged is alleged to be lost, to show that search therefor had been made by the parties to whom it was uttered.

SAME.—*Description.*—Where the indictment describes the lost note as purporting to be signed by "one Henry Wintrode or Henry R. Wintrode," such description is not uncertain or equivocal.

From the Huntington Circuit Court.

*J. J. Dille* and *J. B. Kenner*, for appellant.

*D. P. Baldwin*, Attorney General, *C. W. Watkins*, Prosecuting Attorney, and *A. Moore*, for the State.

Woods, J.—The appellant was indicted, convicted and sentenced to the state-prison for two years on a charge of forgery. The assignments of error are : (1) That the court erred in sustaining the demurrer of the State to the appellant's plea in abatement ; (2) the court erred in overruling the motion of the appellant to quash the indictment ; (3) the court erred in overruling the motion in arrest of judgment.

The overruling of the motion for a new trial is also assigned, but the evidence adduced on the trial is not in the record. Counsel for the appellant concede that no question is saved in respect to this ruling. We may observe here that the record does not show that the motion in arrest of judgment was overruled, nor, indeed, that such a motion was filed. Immediately following the entry of judgment against the appellant, there is set forth in the transcript a copy of a motion, entitled in the cause, to arrest the judgment, but the record contains no statement, or recital, or copy of the clerk's indorsement of the filing thereof, and there is nothing at all to show any action of the court on the motion.

Omitting some formalities and superfluous words, the indictment, which on the face of the record appears to have been duly found and returned into court, June 8th, 1880, was as follows : The grand jurors of the county of Huntington, and State of Indiana, etc., on their oath present that Henry Hess, late of said county, on the 12th day of February, 1878, at, etc., did then and there feloniously, falsely and fraudulently utter, publish and put off as true and genuine, to Enos T. Taylor, a certain false, forged and counterfeit promissory note, for the payment of money, purporting to have been made by one Daniel Wintrode and one Henry

Hess v. The State.

Wintrode or Henry R. Wintrode, to the order of one William Fullhart, which promissory note can not be particularly described for the reason that it is lost, and the State of Indiana, by her officers and agents duly authorized on that behalf, after diligent search therefor, can not find the same, which note was substantially as follows: Dated August 5th, 1877, payable to the order of William Fullhart in twelve months after date, calling for the sum of ninety-eight dollars, signed by the names of Daniel Wintrode and Henry Wintrode or Henry R. Wintrode, as makers, which note at the time it was negotiated, was endorsed by defendant, and by and with the name "William Fullhart," which note had divers other words and figures which can not be set out herein for the reason above stated, with intent, then and there and thereby, feloniously and fraudulently to damage and defraud him, the said Enos T. Taylor, to whom then and there said note was so uttered, published and put off, and who then and there acted for and in behalf of himself and Frederick Dick, the said Enos T. Taylor and Frederick Dick then and there being jointly interested in said transaction of said Enos T. Taylor with said defendant, he, the said Henry Hess, at the time he so uttered, published and put off said promissory note, as aforesaid, well knowing the same to be false, forged and counterfeit; that ever since defendant committed said offence he has been absent from the State, contrary, etc. Signed by the prosecuting attorney, and properly numbered, endorsed and filed.

Before arraignment, and before taking any other step, save procuring an assignment of counsel, the defendant filed a sworn plea in abatement, alleging, in substance, that the grand jury, naming them, who sat as the grand jury for the present term, 1880, of the court, and who returned the indictment, were not a legal grand jury, called and empanelled according to law; that, except two, who are talesmen, they were drawn by the board of commissioners of the coun-

-ty, at their March term, 1880, as the proper grand jury for said June term, 1880, but said jury came into court at this present June term and were empanelled and sat without an order having been made by the court or the judge thereof, prior to or since said term began; no order was made to the clerk of the court to issue a *venire* to the then legal grand jury, stating therein the day the jury should appear, as re-quired by law, but they came, as aforesaid, upon the *venire* of the clerk, and, after being empanelled as above stated, returned the said indictment against this defendant; that the defendant, upon a preliminary examination, had been committed to jail in default of bail, and has been ever since confined, for the period of two weeks, in the jail of this coun-ty, is poor, has no means to employ counsel, and though, upon request, he had counsel at said preliminary hearing, he has not been able to employ counsel since, and can not un-less the court appoint counsel for him, and on this account, and from the fact that he was not brought out of jail when the said jury was empanelled, and had no means of knowing of the absence of an order concerning the grand jury, he has been unable to challenge said jury before the empanelling thereof. He pleads this his plea in abatement, and prays, etc.

By an act approved March 10th, 1873, which was in force when this indictment was found, it was enacted: "Sec. 1. That hereafter no grand jury shall be summoned to appear at any term of a circuit court unless as provided in this act;" and, "Sec. 2. That whenever the judge of a circuit court shall deem it necessary that a grand jury shall sit in any county of his circuit, it shall be his duty to make an or-der requiring the clerk to issue a *venire* for such jury to ap-pear, on such day as may be named in the order, and such *venire* shall be for the jury drawn and selected for the term, as is now provided by law: *Provided*, That the grand jury shall be convened at least twice in every year in each county." 2 R. S. 1876, p. 418.

An examination of the plea under consideration will show that the sole and entire ground on which it is claimed that the jury was illegal, which found the indictment against the appellant, is, that the clerk issued the *venire* for the attendance of the jury at the term when the indictment was returned, without an order from the judge therefor.

In the act of March 4th, 1852, concerning grand juries, is the following provision, which was also in force when this indictment was returned, namely: "Sec. 12. No plea in abatement, or other objection shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to corruption, in which case such plea or objection shall be received." 2 R. S. 1876, p. 419.

Nothing but an irregularity was shown in this case, and that of little or no significance, as affecting the rights of the accused. Whether issued with or without the order of the judge, the *venire* must have been for the same men who were summoned, and who had been, as the plea expressly admits, already properly chosen by the county board. The jurors, except two, having appeared in response to the *venire*, the court recognized and adopted the act of the clerk, and ordered the panel filled from the bystanders, as under section 10 of the act last referred to it was competent to do, and this panel was duly charged and sworn. The 3d section of said act of March 10th, 1873, gives the court a discretionary power to declare the grand jury adjourned; and while sections 1 and 2 are mandatory in the form of expression used, it is manifest that the main, if not the only, purpose of the entire enactment, was to prevent the expense of frequent and prolonged sessions of the grand jury, and to impose upon the judge the sole responsibility in that respect. But the inhibition against the clerk issuing, without an order of the judge, a *venire* for the attendance of the jurors, constitutes no restriction on the power of the

court to organize the panel, if found in attendance, though they have come in response to a summons issued without the prescribed order therefor. If the objection had been made before the jury was charged and sworn, it must have been overruled as trivial; and so it is immaterial what excuse the defendant has made for not having challenged the array before they were charged and sworn.

The objections made to the indictment are: 1. That it does not show diligence and absence of negligence on the part of the State, in connection with the alleged loss of the forged instrument, it not being shown that search therefor had been made by Taylor and Dick, to whom it had been uttered; 2. That the description of the note is meagre, and is made uncertain and equivocal by the averment that it purported to be made by "Daniel Wintrode and one Henry Wintrode or Henry R. Wintrode."

We do not think these objections are well taken. The note was sufficiently well described, and the use of the expression "one Henry Wintrode or Henry R. Wintrode" introduces no uncertainty. It does not mean that the note purported to be signed by Henry Wintrode, or, if not by him, then by Henry R. Wintrode. The introduction of the word *one* makes the meaning this, namely, that "the note purported to be signed by Daniel Wintrode and one who signed either by the name of Henry Wintrode or Henry R. Wintrode," and, it being shown that the note was lost, it is in substance the same as if, in this immediate connection, it were averred that it was unknown to the grand jury whether that name was signed in one way or the other. It is not left in doubt whether the note purported to be signed by one person or another, but simply whether the name was signed with or without the middle letter "R." See *Choen* v. *The State*, 52 Ind. 347; *Miller* v. *The State*, 69 Ind. 284; *The People* v. *Badgley*, 16 Wend. 53; *Wallace* v. *The People*,

Brocaw *et al. v.* The Board of Commissioners of Gibson County *et al.*

27 Ill. 44; *The Commonwealth* v. *Spilman*, 124 Mass. 327; S. C., 26 Am. Rep. 668; 2 Bishop Crim. Proced., sec. 404, and cases cited.

The judgment is affirmed, with costs.