Filed Sept. 18, 1884.

----

No. 11,346.

O'CONNOR *v.* THE STATE.

CRIMINAL LAW. — *Indictment.* — *Name.*—An indictment should not be quashed because in the caption the middle letter of the defendant's name is inserted between the christian and surname, and omitted in the body of the indictment.

From the Jasper Circuit Court.

*J. W. Douthit,* for appellant.

*M. H. Walker,* Prosecuting Attorney, and *J. H. Phares,* for the State.

ZOLLARS, J.—Appellant was indicted and convicted under section 2098, R. S. 1881, on a charge of having given away, on Sunday, intoxicating liquors to be drunk as a beverage.

We are asked to reverse the judgment upon the action of the court below in overruling the motion to quash the indictment. The contention is that the indictment is bad, because in the title or caption the name of the defendant is given as Dennis P. O'Connor, and in the body of the indictment as Dennis O'Connor.

The statute now provides, as did the statute of 1852, that the indictment must contain the title of the action, specifying the name of the court and the names of the parties. Section 1731, R. S. 1881; 2 R. S. 1876, p. 383.

Under the statute of 1852 it was held that if the name of the defendant appears in the body of the indictment, the omission to name him in the title is a defect which can not prejudice his rights upon the merits, and that hence a judgment should not be reversed on account of such omission. *Dukes* v. *State,* 11 Ind. 557. See, also, *West* v. *State,* 48 Ind. 483.

If the name of the defendant may be omitted altogether from the title of the cause, it would seem to follow that the use of a middle letter should not render the indictment bad.

It has been held, also, that the law knows but one christian name, and that where one christian name is stated, the initial middle letter may be rejected as surplusage. *Choen* v. *State,* 52 Ind. 347 (21 Am. R. 179). See, also, *Hess* v. *State,* 73 Ind. 537; *Miller* v. *State,* 69 Ind. 284; *Schofield* v. *Jennings,* 68 Ind. 232.

These rulings are in consonance with the statutes upon the question of criminal practice. It is provided by section 1755, R. S. 1881, that no indictment shall be quashed on account of any defect or imperfection which does not tend to the prej-

udice of the substantial rights of the defendant upon the merits.

It is further provided that no indictment shall be quashed for any surplusage or repugnant allegations, when there is sufficient matter alleged to indicate the crime and person charged. Section 1756, R. S. 1881.

It is also provided that in the consideration of questions which are presented upon appeal in criminal cases, the Supreme Court shall not regard technical errors, defects, or exceptions to any decision or action of the court below which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant. Section 1891, R. S. 1881.

It is difficult to see how the matter complained of here could in any way mislead appellant, or in any way affect his substantial rights; clearly it did not.

The judgment is affirmed, with costs.

Filed Sept. 18, 1884.