[No. 438. January 6, 1892.]

# EXCELSIOR MANUFACTURING COMPANY, APPELLANT, v. JESSE M. WHEELOCK, APPELLEE.

CONTRACT OF GUARANTY—SIGNATURE WITH SCROLL—ASSUMPSIT—EVIDENCE.—Section 2742, Compiled Laws, 1884, providing that, "Hereafter, on all documents or instruments in writing requiring a seal, in this territory, a scroll may be used as a seal instead of a wafer, wax, or other impression required by the common law," applies only to such written instruments as require a seal at common law, which is in force in this territory. A written contract of guaranty, signed with a scroll appended, with the word "seal" written within the scroll, and acknowledged, before a notary public, as having been signed and sealed by the maker, is not such an instrument in writing, or contract of specialty, as requires a seal at common law, but a simple contract upon which an action of assumpsit will lie; and it was error to refuse to admit such contract in evidence in an action of assumpsit for breach.

APPEAL, from a judgment for defendant, from the Second Judicial District Court, Bernalillo County. Judgment reversed.

The facts are stated in the opinion of the court.

W. B. CHILDERS for appellant.

NEILL B. FIELD for appellee.

O'BRIEN, C. J.—This is an action of assumpsit on a written contract of the tenor following:

"ALBUQUERQUE, N. M., August 27, 1883.
"Excelsior Mf'g Co., St. Louis, Mo.
"GENTS:—I will be responsible for any material purchased of you by George F. Wheelock.
"Yours,    . JESSE M. WHEELOCK. [SEAL]"

Acknowledged before a notary public. On the trial in the court below to a jury, plaintiff, in support

of his action offered this instrument in evidence. Defendant objected to its admissibility, on the ground that it was a specialty, upon which an action of assumpsit would not lie. The objection was sustained, and, plaintiff offering no further proof, the court, on defendant's motion, directed a verdict in his favor. A motion for new trial was overruled, and the cause is here on plaintiff's appeal from the judgment. The only question submitted for our determination is, was the paper offered a simple contract or a specialty?

CONTRACT of guaranty: signature with scroll: assumpsit: evidence.

If the instrument was sealed, the ruling of the court was correct; if not, it should have been admitted. It had no common law seal, but a scroll, with the word "seal" written within the scroll, and it was acknowledged, before a notary public, as having been signed and sealed as the voluntary act of the maker. The defendant contends that it is a specialty, within the meaning of section 2742, Compiled Laws, 1884, which as amended reads: "Hereafter, on all documents or instruments in writing requiring a seal in this territory, a scroll may be used as a seal instead of a wafer, wax, or other impression required by the common law." Appellant maintains that the only instruments affected by the statute are such as were required to be made under seal at common law; that this written guaranty was not one of such instruments; and hence that the scroll appended to the signer's name, being unauthorized by the statute, did not impress the paper with the legal attributes of a specialty. If this position is well taken, the instrument was a simple contract, and, as far as the exception to it goes, the court erred in excluding it from the consideration of the jury. At the common law it is essential that certain written instruments, to insure their validity, be properly sealed; other instruments may or may not be, at the option of the parties. No law of this territory, common or statutory, ever

required an instrument like the one offered to be executed under seal. What, then, is the effect of the section cited upon this paper? Its language does not appear to us ambiguous. It must mean that in all written instruments whose validity, by the laws in force in the territory, depends upon their being sealed, according to the solemnities of the common law, a scroll shall be deemed the equivalent of a common law seal. The statute, fairly construed, does not mean that any writing to which the parties may affix a scroll becomes thereby a sealed instrument. If such were its effect, the writer of an ordinary note of inquiry about the affairs of a distant friend might, by adding a scroll to his signature, invest his correspondence with the legal dignity of a specialty. We could not, without reflecting upon the intelligence of the territorial legislature, give the words used in the act so comprehensive a meaning.

Appellee informs us, in the brief of his learned counsel, that in South Carolina, Virginia, Maryland, and Pennsylvania, scrolls, even without statutory authority, have been held to be equivalent to common law seals. Such may be very true and proper in certain cases, where vested rights, etc., are in jeopardy or assailed. But in the present case, when a suitor is deprived of a hearing in a court of justice because certain unimportant formalities or informalities appear upon the face of the paper, evidencing his rights, and in this territory, where the common law is, by express statutory enactment, declared to be "the rule of practice and decision," we do not feel at liberty, unnecessarily, to depart from any of its refined distinctions. Lord Coke, 3 Inst. 169, thus defines a "seal:" "Sigillum est cera sine impressione, non est sigillum." No other form of seal was recognized at common law. Mill Dane Foundry v. Hovey, 21 Pick. 417; Lightfoot and Butler's case, 2 Leon. 21; Warren v. Lynch, 5 Johns. 239. In the case last cited, Kent, C. J., delivering the opinion of

the court, emphasizes the doctrine that "the ancient authorities are explicit that a seal does, in legal contemplation, mean an impression upon wax." Warren v. Lynch, 5 Johns. 239. The suit in which the decision was rendered was an action of assumpsit, brought by plaintiff, as first indorsee of a promissory note, against the defendant as maker. The note was as follows:

"PETERSBURG, VIRGINIA, August 27, 1807.

"Four months after date, I promise to pay Hopkins Robertson or order the sum of seven hundred and nineteen dollars, twelve and one half cents. Witness my hand and seal. Payable in New York.

"THOMAS LYNCH. [L. S.]"

The eminent chief justice, in commenting upon the instrument, says: "The note was given in Virginia, and by the laws of that state it was a sealed instrument or deed. But it was made payable in New York, and, according to a well settled rule, it is to be tested and governed by the laws of this state. Independent, then, of the written agreement of the parties, * * * this paper must be taken to be a promissory note, without seal, as contradistinguished from a specialty. We have never adopted the usage prevailing in Virginia and in some other states of substituting a scrawl for a seal; and what was said by Mr. Justice Livingston in the case of Meredith v. Hinsdale, 2 Caines, 362, in favor of such a substitute, was his own opinion, and not that of the court. * * * A scrawl with a pen is not a seal, and deserves no notice. The law has not, indeed, declared of what precise materials the wax shall consist; and whether it be a wafer or any other paste or matter sufficiently tenacious to adhere and receive an impression is perhaps not material. But this scrawl has no one property of a seal. Multum abludit imago. To adopt it as such would be at once to abolish the immemorial distinction between writings sealed and writings not sealed. * * * The calling

a paper a 'deed' will not make it one, if it want the requisite formalities." By usage or by express statutory enactment, the scroll is adopted as a sufficient seal in Arkansas, Delaware, Florida, Georgia, Illinois, Indiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Wisconsin, and in New Mexico, within the limitations of the section of the statute hereinbefore cited.

The ordinary language employed in the statutes of several states authorizing the use of the scroll for the common law seal is usually to the effect "that every instrument in writing to which the maker affixes a scroll by way of seal shall be of the same force and obligation as if it were actually sealed, provided the maker shall in the instrument recognize such scroll as having been affixed by way of a seal." The decisions of the courts of last resort in some of those states, upon the legal effect of the particular statutory language employed sanctioning the change, may not be always harmonious; still we have been unable to find in any of them, including Hacker's Appeal (Pa. L. R. A. 861), anything at all inconsistent with the conclusion reached by us that the writing in suit is not a sealed instrument. It is for the legislature, not the courts, to change the law, when a change is deemed advisable. The instrument, then, had not a common law seal, and the scroll used as a substitute therefor is not authorized by the statute. Hence it was not a specialty, either at common law or under the statute, and its exclusion was error. The "seal" is gradually falling into disfavor and disuse. It is one of the few remaining relics of a semibarbarous age. Among a rude and illiterate people, at a time when but few of the nobility, and still fewer of the common people, were able to write their names, the rule requiring the genuineness of their signatures to be attested by the

use of impressed symbols of wax or wafer was founded in necessity; but rigorously to perpetuate and dignify such usage, cessante ratione, in an age and country where illiteracy and ignorance are almost unknown, would be unreasonable and retrogressive. The written guaranty of the defendant requiring no seal to make it valid at common law, and the scroll being unauthorized, as a seal, by the statute, the appended certificate of the notary, to the effect that the maker acknowledged that he had signed and sealed it, can not change the legal character of the instrument, as a bare inspection thereof shows that it was not sealed. Neither the maker nor the notary has the power to declare that a simple contract, in form and substance, shall be held to be a specialty. The requirements of the common law may not be evaded by so simple a process. We do not decide in this cause that a proper impression upon paper would not be sufficient to constitute a common law seal in this territory, although the same is not made in wax or other plastic substance. The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Freeman, McFie, and Seeds, JJ., concur.