Barnett *v:* State.

---

### BARNETT ET AL. *v.* THE STATE.

[No. 3,177. Filed June 29, 1899.]

CRIMINAL LAW.—*Affidavit and Information.*—*Assault and Battery.*— *Felonious Intent.*—Defendants were charged with an assault and battery with felonious intent, and convicted of an assault and battery. *Held,* that the words employed in the attempt to charge a felonious intent may be properly regarded as surplusage.

From the Knox Circuit Court. *Affirmed.*

*W. A. Cullop* and *C. B. Kessinger,* for appellants.

*William L. Taylor,* Attorney-General, *Merrill Moores, C. C. Hadley* and *Rowland Evans,* for State.

COMSTOCK, C. J.—Transferred from the Supreme Court.

The appellants were prosecuted in the Knox Circuit Court upon affidavit and information. The affidavit, omitting the formal parts, reads as follows: "That at and in the county of Knox and State of Indiana on or about the 23rd day of July, 1898, William H. Harrison, Joseph A. Barnett, William Edwards, John Bell, Jacob Tucker, Jacob O. Hicks, Dennis Comrad, James Comrad, and James McGarrah did then and there unlawfully, feloniously, wilfully, and purposely, and with premeditated malice, in a rude, insolent,

and angry manner touch one John Silence, with intent then and there and thereby, him, the said John Silence, feloniously, wilfully, purposely, and with premediated malice to kill and murder, contrary to the form of the statute," etc. The information is in the same language of the affidavit except that the word "feloniously" is omitted before the verb "touch."

The only error assigned upon this appeal is "that the affidavit and information do not state a public offense." Appellants claim that the information is defective because it does not charge the act to have been done feloniously, and that it does not state the means by which the killing was to be done. It is evident that the pleader meant to charge an assault and battery with intent to kill. Conceding, without deciding, that the affidavit and information do not sufficiently charge the felonious intent, they do charge an assault and battery, of which appellants were convicted, and their codefendants were acquitted.

The verdict returned is as follows: "We, the jury, find the defendants Joseph Barnett, John Bell, Jacob O. Hicks, and Jacob Tucker guilty of assault and battery, as charged in the affidavit and information herein, and we assess each of their fines in the sum of $100. And we find the defendants Dennis Comrad, James Comrad, William Edwards, and William H. Harrison not guilty. Noah Neil, Foreman." Any one who unlawfully touches another in a rude, angry, or insolent manner is guilty of assault and battery. The misdemeanor is charged in the information in the language of the statute, and is, as a charge of assault and battery, definite and specific. Assault and battery is a public offense. The words employed in the attempt to charge a felonious intent may properly, under the decisions of the Supreme Court of this State, be regarded as surplusage. *Feigel* v. *State*, 85 Ind. 580; *O'Connor* v. *State*, 97 Ind. 104; *State* v. *White*, 129 Ind. 153; *Musgrave* v. *State*, 133 Ind. 297. Judgment affirmed.