## UNITED STATES OF AMERICA *v.* GEORGE LOW.

### September 13, 1911.

1. *Indictment—Designation of defendant—Omission of middle initial of name:* The failure of an indictment in designating the defendant, to give the middle initial of his name, is not fatal.

2. *Same—Same—Spelling of defendant's surname—Idem sonans:* In an indictment the spelling of the defendant's surname "Low" instead of "Lowe," is no misnomer.

*Indictment:* Plea in abatement.

*C. C. Bitting* for the plea.
*W. T. Rawlins,* Assistant U. S. Attorney, contra.

CLEMONS, J. The defendant, named in the indictment as "George Low," pleads in abatement misnomer, in that his true name is "George K. Lowe."

[1] The absence of the middle initial "K" is no misnomer. *Edmundson v. State,* 17 Ala. 179: 52 Am. Dec. 169; 29 Cyc. 265, and cases cited; 14 Enc. Pl. & Pr. 275-276; 21 A. & E. Enc. L. 2d. ed., 307; Clark Crim. Proc., 145-146. See *Keene v. Meade.* 3 Pet. (U. S.) 1, 7; *Games v. Dunn,* 14 Pet. (U. S.) 322, 326; *Dunn v. Games,* 8 Fed. Cas. 98 (No. 4,176): 1 McLean, 321; *Choen v. State,* 52 Ind. 347: 21 Am. Rep. 179, 181, note. The reason of the rule is often given as the fact that "the law knows of but one Christian name," and such is the reasoning of the United States Supreme

Court, *Keene v. Meade,* supra; *Games v. Dunn,* supra; but a better ground would seem to be that the omission, in a case like this, cannot in any reasonable view prejudice the defendant. See *State v. White,* 34 So. Car. 59: 27 Am. St. Rep. 783, 784.

[2]   As to the spelling of the surname, the indictment must stand, under the modern application of the rule of *idem sonans,* that the defect is not fatal "where the name, as written in the indictment, may be pronounced (although such may not be the strictly correct pronunciation) in the same way as the name given." *State v. White,* 34 So. Car. 59: 27 Am. St. Rep. 783-785; *Faust v. United States,* 163 U. S. 452, 454; *United States v. Hinman,* 26 Fed. Cas. 324 (No. 15,370), Bald. 292; *Territory v. Johnson,* 16 Haw. 743, 748; Clark, Crim. Proc., 145-149; 29 Cyc. 275-276; 21 A. & E. Enc. L., 2d. ed., 313

These well-settled rules dispose of the plea, without considering whether the defects, if any, are matters of form, immaterial under the curative provisions of Rev. Stat. sec. 1025; Rose's Code, sec. 1579; 2 Fed. Stat. Ann., 340.   See *People v. Ferris,* 56 Cal. 442, 444; *Burroughs v. State,* 17 Fla. 643, 655-656.

The rule of the California Federal Court of the Northern District, abolishing pleas in abatement for misnomer, might well be adopted here.   See 3 Rose's Code, 2295-2296, rule 98, providing that "when the defendant is arraigned, he shall be informed that if the name by which he is indicted is not his true name, he must then declare his true name or be proceeded against by the name in the indictment."

The plea is overruled.